UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-5820-DMG (SKx)** | Date | June 8, 2026 |
|---|---|---|---|

| Title | ***Alitzel Cervantes Solis v. Markwayne Mullin, et al.*** | Page | **1** of **3** |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 25, 2026, Plaintiff Alitzel Cervantes Solis filed a Complaint against Markwayne Mullin, in his official capacity as U.S. Secretary of Homeland Security, and Joseph B. Edlow, in his official capacity as the Director of U.S. Citizenship and Immigration Services ("USCIS"). [Doc. # 1 ("Compl.").]  Plaintiff's Complaint arises from Defendants' alleged delay in adjudicating her pending applications to renew her Deferred Action for Childhood Arrivals ("DACA") status and employment authorization, which are currently set to expire on June 12, 2026.  *See generally id.*  Plaintiff alleges two claims:  (1) violation of the Administrative Procedure Act ("APA") under 5 U.S.C. section 706(1), for unlawfully withheld or unreasonably delayed agency action; and (2) violation of the APA under 5 U.S.C. section 706(2)(B), for agency action contrary to Plaintiff's Fifth Amendment Due Process rights.  *Id.* at ¶¶ 36–61.  Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).  *Id.* at ¶ 11.  On June 2, 2026, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order, requesting that the Court order Defendants to adjudicate Plaintiff's pending applications no later than June 10, 2026.  [Doc. # 9 ("TRO App.").]

The APA is not a jurisdiction-conferring statute in that it does not provide an independent basis for subject matter jurisdiction.  *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Instead, "the Supreme Court has interpreted section 1331 as conferring jurisdiction on federal courts to review agency action 'subject only to preclusion-of-review statutes created or retained by Congress . . . .'"  *South Delta Water Agency v. U.S., Dept. of Interior, Bureau of Reclamation*, 767 F.2d 531 (9th Cir. 1985) (citing *Califano*, 430 U.S. at 105).  The APA does not allow judicial review of agency actions where:  (1) statutes explicitly preclude review; and (2) the agency action is "committed to agency discretion by law."  *See* 5 U.S.C. § 701(a)(1)–(2).

Section 706(1) of the APA specifically allows for judicial review to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "[A] claim under § 706(1) can

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-5820-DMG (SKx)** | Date | June 8, 2026 |
|---|---|---|---|

| Title | ***Alitzel Cervantes Solis v. Markwayne Mullin, et al.*** | Page | **2** of **3** |
|---|---|---|---|

proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). In other words, to invoke jurisdiction under the APA for a failure to act, Plaintiff must show, in part, that the agency had a mandatory, nondiscretionary duty to act. *See Khan v. Johnson*, 65 F. Supp. 3d 918, 925 (C.D. Cal. 2014).

In her TRO App., Plaintiff contends that USCIS has a mandatory, nondiscretionary duty to act on her DACA application because "the regulations require USCIS to review each request and provide notice of its decision granting or denying deferred action." TRO App. at 17.[1] In support, Plaintiff cites only to 5 C.F.R. § 236.23(c), which provides that "USCIS will notify the requestor and, if applicable, the requestor's attorney of record or accredited representative of the decision in writing." 5 C.F.R. § 236.23(c)(1). Plaintiff provides no analysis of—or authority supporting— whether the statutory language "will notify the requestor," constitutes a mandatory, nondiscretionary duty to act. This language differs from other statutory language found by courts to constitute a mandatory duty. *Compare with*, *e.g.*, 8 U.S.C. section 1202(b) (mandatory non-discretionary duty found where the statute provides that "[a]ll immigrant visa applications *shall* be reviewed and adjudicated by a consular officer."); 5 U.S.C. § 274a.13(b), (c) (employment authorization regulation provides that an applicant "*shall* be notified" if the employment authorization application is granted or denied).[2]

It appears to the Court that the question of unreasonable delay in the context of processing DACA applications is an issue of first impression across all circuits. The Court has found only one out-of-circuit district court case addressing subject matter jurisdiction over a Section 706(1) APA claim pertaining to DACA applications. *See Dziadosz v. Garland*, No. 24-10829 (ES), 2026 WL 884907, at *4–7 (D. N.J. Mar. 31, 2026). The *Dziadosz* court concluded that the plaintiff had not identified a mandatory, nondiscretionary duty that required USCIS to act on her pending DACA application or to adjudicate her DACA application within a prescribed period of time. *Id.* at *5–7. Accordingly, the court determined that it lacked subject matter jurisdiction over the plaintiff's APA claim. *Id.*

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] DACA recipients are eligible to apply for employment authorization. 8 C.F.R. § 274a.12(c)(14). A DACA applicant can file an employment authorization form concurrent with their application for DACA. 8 C.F.R. §§ 274a.13(a), 236.23(a). Since the employment authorization decision hinges on the applicant's DACA status, however, the Court analyzes jurisdiction over the APA claim in relation to USCIS's actions concerning the DACA application.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-5820-DMG (SKx)** | Date | June 8, 2026 |
|---|---|---|---|

| Title | *Alitzel Cervantes Solis v. Markwayne Mullin, et al.* | Page | **3** of **3** |
|---|---|---|---|

Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file her response by no later than **June 15, 2026**.  The Court defers ruling on Plaintiff's TRO App. until subject matter jurisdiction has been established.  Failure to timely file a response to this Order will result in dismissal of the action for lack of jurisdiction.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|